

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| DAVID JOHNSON, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 5:20-4473-MGL |
| | § | |
| | § | |
| WARDEN PHELPS, | § | |
| Respondent. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING RESPONDENT'S MOTION TO DISMISS**

Petitioner David Johnson (Johnson) filed this 28 U.S.C. § 2254 petition against Respondent Warden Phelps (Phelps). Johnson is self represented.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court Phelps's motion to dismiss be granted and Johnson's petition be dismissed without prejudice. The Magistrate Judge notes that, if the Court accepts this recommendation, Phelps's motion for the Court to take judicial notice of adjudicative facts will be rendered as moot. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 7, 2021, but Johnson failed to file any objections to the Report. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court Phelps's motion to dismiss is **GRANTED**, Johnson's petition is **DISMISSED WITHOUT PREJUDICE**, and Johnson's motion for the Court to take judicial notice of adjudicative facts is **RENDERED AS MOOT**.

To the extent Johnson moves for a certificate of appealability, his request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 3rd day of January, 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.